RECEIVED

Michael J. Novak,

Plaintiff,

v.

Sophia H. Hall, in her Official Capacity as
Judge of the Circuit Court of Cook County,
Illinois; Timothy C. Evans, in his Official
Capacity as Chief Judge of the Circuit Court
of Cook County, Illinois; Michael J. Tardy, in
his Official Capacity as Director of The
Administrative Office of the Illinois Courts;
Cook County, Illinois.

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

United States District Court
Northern District of Illinois
Eastern Division

**JURY TRIAL DEMANDED**

14CV801
JUDGE BUCKLO
MAG. JUDGE COLE

## COMPLAINT

Plaintiff Michael J. Novak (hereinafter "Novak"), Pro se, hereby brings this Complaint

against the above-named defendants in order to obtain declaratory and injunctive relief for

discriminatory treatment under the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52

L.Ed. 714 (1908).

## INTRODUCTION

1.        Twenty-three years after the Americans with Disabilities Act ("ADA"), was

passed and forty years after Section 504 of the Rehabilitation Act, Defendants fail to provide

unedited Communication Access Real-time Translation ("CART") transcripts to Plaintiff

Michael J. Novak, depriving him of effective communication and equal access to justice.

2.        Among the primary purposes of the ADA and the Rehabilitation Act is ensuring

that individuals that are deaf or hard of hearing receive reasonable accommodations, in the form

of interpreter services and other auxiliary aids and services, to ensure effective access to

communication.

3.        Defendants have systematically, knowingly, and intentionally discriminated

against Plaintiff Michael J. Novak in court since at least April 1, 2008.

## JURISDICTION AND VENUE

4.      This action arises under the laws of the United States. Jurisdiction is conferred to the court pursuant to 28 U.S.C. §§ 1331 and 1343.

5.      Plaintiff also claims federal jurisdiction under Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

6.      Plaintiff also brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the Fourteenth Amendment of the federal Constitution, by the defendants, Sophia H. Hall and Timothy C. Evans, under color of law in their capacities as a judge and chief judge, respectively.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as all of the events giving rise to the claims occurred in the Northern Illinois District, Eastern Division.

## PARTIES

8.      Plaintiff Michael J. Novak is currently and at all times relevant to this suit has been a resident of the city of Chicago, Illinois. Plaintiff Novak is substantially limited in major life activities, including hearing and speech.

9.      Defendant Sophia H. Hall is a resident judge presiding at the Circuit Court of Cook County, Illinois. Ms. Hall is a state official.

10.      Defendant Timothy C. Evans is a chief judge presiding at the Circuit Court of Cook County, Illinois. Upon information and belief, both the Circuit Court of Cook County's Disability Coordinator, Milissa M. Pacelli, and the person responsible for Deaf and Hard of Hearing Access-Office of Interpreter Services, Coleen Hogan, are parts of the Office of Chief Judge Timothy C. Evans. Mr. Evans is a state official. Also upon information and belief, Mr. Evans indirectly reports to the Administrative Office of the Illinois Courts.

11.    Defendant Michael J. Tardy, is the Director of Administrative Office of Illinois Courts. Upon information and belief, all twenty-one Illinois Chief Judges -- one for each Judicial Circuit – indirectly report to Mr. Tardy. Also upon information and belief, Mr. Tardy is a state official. The Illinois Court System is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104, and is therefore subject to title II of the ADA, 42 U.S.C. § 12131 *et seq.*

12.    Defendant Cook County is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104, and is therefore subject to title II of the ADA, 42 U.S.C. § 12131 *et seq.* Cook County funds expenditures for Chief Judge and Clerk of the Circuit Court from its General Fund, Special Purpose Fund and/or Grants Fund.

13.    At all times relevant to this action, both Cook County and Illinois have been "recipients" of "federal financial assistance," including Medicaid funds, and are therefore subject to the Rehabilitation Act, 29 U.S.C. § 794.

## FACTUAL ALLEGATIONS

14.    Plaintiff Novak is deaf. He has congenital severe-to-profound bilateral sensorineural hearing impairment. His deafness, however, wasn't detected until he was almost forty-six months old because nine different doctors had misdiagnosed Novak as "mentally retarded."

15.    Novak is deaf-oral, which means he relies on speech-reading, his residual hearing, reading non-verbal cues, and considerable guessing. Due to Novak's poor vision, his speech-reading range is limited to just five to seven feet.

16.     In April 2008, when Novak made his first two appearances before Defendant Judge Hall as pro se, Judge Hall failed to continue the case after the CART writer failed to show up each time. Consequently, Novak was forced to retain an attorney at considerable expense.

17.     At the September 20, 2013, emergency hearing in Cook County Circuit Court, Novak's attorney informed Judge Hall of his intention to file a motion prior to the next status hearing on September 30, 2013, to withdraw as Novak's attorney (due to finding employment as partner of a full service national law firm). Novak informed Judge Hall that, due to his disabilities, he would need an extension of time to oppose his attorney's forthcoming motion. Judge Hall told Novak he wouldn't need to respond on September 30, 2013. At the September 30, 2013, hearing, however, Novak's request for an extension of time to respond to his attorney's motion was inexplicably denied. Judge Hall then granted Novak's attorney his motion to withdraw, even though the withdrawal would: a) have a material adverse effect on Novak and b) cause an undue delay on the case.

18.     Immediately after the September 20, 2013, emergency hearing in court, the CART writer informed Novak that there would be no transcript available. Novak then emailed the Office of Interpreter Services – Deaf and Hard of Hearing Access, asking how a copy of the transcript can be obtained.[1]

19.     On September 24, 2013, Novak received a letter from Ms. Milissa Pacelli, Court Disability Coordinator, who uses the email "OCJ Accommodations" saying, "When CART is

---

[1] Because the CART system scrolls the spoken words and because words are often improperly translated, it is difficult for the hard-of-hearing or deaf person to be sure that he/she has properly taken in, or correctly responded to, everything that has been said and processed. As a result, Novak has, consistently requested a printout of the CART record from Cook County Circuit Court, so that he might review the proceedings afterwards to determine the accuracy of his comprehension.

provided as an ADA accommodation, transcripts are not provided." Pacelli added, "Even in courtrooms where court reporters are provided, transcripts still need to be ordered and paid for by the person requesting them. If you wish to have transcripts of your future court dates in the Circuit Court of Cook County, you may hire a court reporter from an outside agency for that purpose. Any court reporting services provided by the Circuit Court of Cook County and the cost of transcripts for these services, (sic) are only provided by order of the court. The Circuit Court of Cook County will still provide [Novak] with CART services as part of [your] ADA accommodation request."

20.     On or about November 1, 2013, Novak received a court order from Judge Hall, allowing Novak to obtain CART transcripts but at Novak's expense. Novak then emailed Ms. Coleen Hogan and copied Pacelli, asking, due to the prohibitive expense of CART transcripts, if he can access the transcripts for free, electronically? Novak made this request because there's obviously no additional work for unedited CART transcripts.

21.     On November 7, 2013, Novak received an email response from Pacelli informing him there's no access to electronic CART records through the Office of Official Court Reporters. Novak immediately emailed four responses to Pacelli, informing her of his need for electronic CART transcripts so Novak can process what was said in court, even though they are not official court records.

22.     On November 13, 2013, Pacelli emailed Novak a letter, saying she reached out to the Illinois Attorney General's Disability Rights Bureau and the Department of Justice ADA Help Line. Pacelli added, "It's the court's obligation to provide effective communication for [Novak] while [he's] in court, which is why the court is providing Novak with CART service. If [Novak is] having a problem understanding anything being said in court, please notify the judge,

5

and let her know if something needs to be clarified, repeated, etc." Pacelli added, "A written or electronic record of CART interpretation, is not provided as part of an ADA accommodation [because a request for an electronic copy is a fundamental alteration of court services]. Equal access to the court allows all persons to hire their own court reporter from a private agency, if there is not a court reporter from the Office of Official Court Reporters assigned to their courtroom. The court reporter can provide an official court transcript. In addition, persons whose cases are being heard where a court reporter from the Office of Official Court reporters is assigned, may order and pay for official transcripts through that office." Novak immediately sent a lengthy response to Pacelli, which included a reference to *Title II Technical Manual for the Americans with Disabilities Act* as well as the numerous illustrations listed. Novak concluded by saying if his request for CART transcripts, in addition to CART services, is denied, Novak will initiate a complaint with the U.S. Department of Justice. On this day, Novak also emailed Pacelli documentation on how the Florida Court System meets its obligations under Title II of the ADA, as well as a link regarding CART legal decisions.

23.     On November 20, 2013, Novak emailed Pacelli informing her that he'd appreciate hearing from her by November 22, 2013, as Novak is due back in Judge Hall's courtroom at 10:30 am on Monday, November 25, 2013.

24.     On November 21, 2013, Pacelli emailed Novak a letter saying, "If CART is not sufficient for you, please let her know what additional auxiliary aid might be of assistance to you. [Novak] indicated that note taking was challenging with CART, perhaps [Novak] would like to bring someone to court to be of assistance to you in taking down notes." Pacelli added, "In addition, the Office of Official Court Reporters has informed [Pacelli] that when CART is provided as an ADA accommodation, the CART translation is not stored and saved, therefore

6

there is no stored copy of the CART translation. CART is real-time translation that is instantaneous in the courtroom and not saved, because it is translation and not the official court record. Regarding [Novak's] statement: "people who use CART service should not have to pay for transcripts;" [Pacelli] did not find anything in the sections quoted by [Novak] that require a transcript be provided under [Novak's] request as part of CART services." Novak immediately emailed Pacelli, informing her that her explanation that CART transcripts are not stored is lame as Novak has requested and paid for CART transcripts in the past. Novak reiterated the fact that CART service alone is not sufficient. Novak would also like to be last on Judge Hall's call so an empty courtroom is quieter for both the CART writer and himself. Novak said it would not be an administrative and/or a financial burden, if the CART writer would email the transcript to Novak from her computer, let alone a fundamental alteration of court services. Novak added that further accommodations along the lines of procedural appropriate accommodations (e.g. additional time so Novak can process what has been said and organize his thoughts) might be necessary. Novak reminded Pacelli of an article and link Novak sent Pacelli at 10:50 p.m. on November 13, 2013, about providing printouts of CART translation in the courtroom as a reasonable accommodation (Gregory v. Administrative Office of the Courts of the State of New Jersey Courts (No. 99CV1748)). Finally, Novak informed Pacelli that her most recent response was done in bad faith, especially since [Pacelli] alleged CART transcripts are not saved; and reiterated his need for (unedited) CART transcripts immediately after each court appearance.

25.     On November 22, 2013, Pacelli emailed Novak saying, "[Novak] will receive an electronic version of the CART translation emailed to him after his court appearances before Judge Hall, via this email address (ocj.accommodations@cookcountyil.gov). Please note that the CART translation is not the official court transcript, it is the CART translation notes only."

7

Novak responded to Pacelli saying, "[Novak] understand[s] the transcript is not an official transcript. Thank you SO MUCH!"

26.　　　On November 25, 2013, as Novak does each time CART services are used, Novak gave the CART writer a list of names of speakers that will be talking in court. The CART writer, however, refused to identify the speakers.[2] Novak immediately called Coleen Hogan but reached Pacelli instead. After Novak told Pacelli about the CART writer's refusal, Novak gave the CART writer his phone so Pacelli can talk to her. The CART writer, however, yelled at both Pacelli and Novak. When Novak's case was called up, Novak immediately informed Judge Hall about the CART writer's refusal to identify the speakers for Novak. Judge Hall then quickly called for a recess so she can return to her chambers. Upon information and belief, Judge Hall contacted someone regarding the CART writer's refusal to identify the speakers. When court resumed, Novak immediately informed Judge Hall that the CART writer is identifying the speakers for Novak.

27.　　　Also on November 25, 2013, Novak emailed both Hogan and Pacelli, saying, "Today's writer told me she sent the transcript from this morning to the office, but [Novak] has yet to receive it. Novak would appreciate receiving them ASAP. [Novak] will need CART Services at 9:30 a.m. on January 3, 2014, in room 2301. But [Novak is] to file [his] briefs by December 9, 2013. Pacelli emailed the next day, saying "She'll be back in touch with [Novak] regarding the CART transcript sometime next week. Thank you for your patience." Novak emailed back saying, "[Novak] need[s] to file a motion ASAP. Why is there a delay? This is not what you agreed to do." Pacelli responded saying, "Mr. Novak, I will get back to you next

---

[2] Pursuant to Section 3, item 7 of the Code of Professional Ethics, a CART [writer] in a legal setting is required to *Include in the realtime display the identification, content, and spirit of the speaker as well as environmental sounds.*

8

week." Novak again immediately responded, saying "[Novak] is filing an emergency motion and will put all this before Judge Hall. [Pacelli] has until the close of business to produce them."

28.     On December 2, 2013, Novak's emergency motion regarding CART transcripts came before Judge Hall. Christina Martinez, supervisor of the Official Court Reporters introduced herself to the court but Judge Hall informed her that she's not hearing any evidence and told Ms. Martinez she may be seated. Novak then told Judge Hall that it's been a week and Novak has yet to receive the transcript of the November 25, 2013, court appearance. Novak also told Judge Hall that Novak has already had a number of misunderstandings, not to mention other problems, with CART writers earlier in the case. Novak added he was being harmed and that he needed the transcripts. Judge Hall then informed Novak that the matter is being continued until Friday, December 6, 2013, so the court can rule on the services Novak will be provided in addition to the CART reporter. Opposing counsel, Carrie Durkin, told Judge Hall, "The only thing [Durkin] understood from other cases is that the CART services would be provided as an accommodation. [Durkin] understood that unless [Novak] filled out information saying [he] is indigent and needed it to be paid for, but they weren't. [Durkin] will leave that to the court." Novak, interjected seeking clarification if Durkin was expecting Novak to pay for CART services transcripts? Ms. Durkin said, "It was her understanding unless…" but was not allowed to finish.

29.     On December 5, 2013, Pacelli sent Novak a letter saying, "Starting tomorrow, Friday, December 6, 2013, [Novak] will receive Real-time translation as part of your ADA accommodation before Judge Sophia Hall. As part of that accommodation, Judge Hall will enter an order that will allow [Novak] to obtain transcripts of the translations. [Novak] will receive the [unedited] CART translation from [his] November 25, 2013 court date. It will be a digital copy

sent to ocj.accommodation@cookcountyil.gov, [Pacelli's] email address. [Pacelli] will receive it

by the end of business tomorrow, Friday, December 6, 2013, and [she] will forward it to

[Novak]. For the December 6, 2013, date [Novak] will receive a certified official transcript. The

certified official transcript will be available for [Novak] to pick up on Tuesday, December 10,

2013, at the Office of Official Court Reporters, located at 69 W. Washington, Suite 900 (across

the street from the Daley Center Courthouse). For your future court dates before Judge Sophia

Hall, the court reporter who provides you with Real-Time translation will let you know when the

certified official transcript will be available for you to pick up at the Office of Official Court

Reporters." Novak immediately emailed Pacelli back, saying "Thank you for [Pacelli's] email

but [Novak is] a bit confused. [Novak] thought she [was] going to email [Novak] the transcript?

And [Novak] doesn't want an official certified transcript as [Novak and Pacelli] agreed on an

UNEDITED copy being sent electronically. The latter is what [Novak] will have used during

court, and the former may be edited after [Novak] read it. Hence, they are two different things.

As for picking up the transcript, will there be a charge?" The next morning Novak emailed

Pacelli, informing her that he'd appreciate hearing from her prior to court today, especially since

she keeps making changes that are actually making things worse.

  30.  On December 11, 2013, Novak emailed Pacelli, informing her that Novak had just

picked up the December 6, 2013, transcript, but has yet to receive the December 2, 2013,

transcript, electronic or paper. Novak said he'd appreciate receiving it soon as his briefs are due

by Monday, December 16, 2013. On December 12, 2013, Pacelli emailed Novak, saying Novak

should receive the December 2, 2013, transcript on December 13, 2013. Novak finally received

the December 2, 2013, transcripts at 4:25 p.m. on December 13, 2013.

31.       Prior to court on January 3, 2014, the CART writer told Novak that his CART transcripts from this day wouldn't be ready for a couple weeks. Novak relayed this information to Judge Hall but she instructed Novak to instead speak to her staff, specifically Pacelli, about it. Novak then met with Pacelli and informed her that the federal court has accommodated Novak's requests for reasonable accommodation, including CART services and unedited transcripts within a business day. When Novak returned home, he forwarded the most recent unedited federal court transcript to Pacelli as proof of the federal court accommodating Novak's disabilities.

32.       On January 8, 2014, at Pacelli's request (after she had reached out to Judge Hall regarding Novak's concerns), Novak put his concerns in writing regarding his ADA accommodations. Novak did so, via email, and reiterated that he does not need official court transcripts because they are both untimely and edited (without any tracking whatsoever). The latter would actually cause Novak more confusion. Novak said if the court insists on providing edited transcripts, Novak asked for the unedited transcripts be sent electronically immediately after court and the edited transcript have all changes tracked. This way Novak can see what changes were made. Finally, Novak said absent this accommodation request, Novak will be denied [effective communication and] effective access to justice.

33.       On January 9, 2014, Novak received an email from Pacelli saying the January 3, 2014, transcripts were ready for pickup, and asked Novak for his telephone number so the Court Reporter can contact Novak directly. Novak told Pacelli that he actually doesn't use his phone for incoming calls. Nor does Novak have an answering machine.

34.     Also on January 9, 2014, after Novak ran into the CART writer while Novak was picking up his transcript, Novak sent Pacelli an email, complaining the CART writer is still very bitter toward Novak.

35.     On January 10, 2014, Pacelli emailed Novak a letter saying, "[Judge Hall's] decision stands as is regarding your ADA accommodations. You will continue to receive Real-time Translation and the Official Court Transcript as your accommodations before [her]. Judge Hall considers the matter of [Novak's] accommodations complete with regards to an auxiliary aid and transcripts in order for you to have effective communication in the courtroom." Ms. Pacelli's letter is attached hereto as Exhibit A.

36.     Also on January 10, 2014, Novak informed Pacelli that he's in receipt of her letter, dated today, and respectfully disagrees with Judge Hall's findings, especially since Pacelli did not address or refute any of Novak's concerns, including CART Service Providers Code of Professional Ethics. Novak advised Pacelli that he would now seek emergency relief from the federal court.

37.     Late on January 31, 2014, Novak received an email from Pacelli saying the court transcripts from January 29, 2014, was ready for pickup. Novak responded saying he'd pick them up on Monday, February 3, 2014.

38.     Novak also has a case in federal district court – case number 1:13-cv-8861, and unlike Judge Hall, the Cook County Circuit Court and the Illinois State Courts, the federal Court has granted Novak all of his requests for reasonable accommodations, including unedited CART transcripts.

39.     Upon information and belief, the Cook County Circuit Court does not have a policy on access for persons with disabilities.

12

40.     Upon information and belief, the Illinois Courts does not have a policy on access for persons with disabilities (outside the Supreme Court).

41.     Judges do not receive immunity for their administrative decisions (*Forrester v. White*, 484 U.S. 219 108 S. Ct. 538, 98 L. Ed. 2d 555 1988)). Judges also are not immune to declaratory and injunctive relief.

42.     Defendants failed to provide Novak with unedited CART transcripts in a timely manner.

43.     Defendants denied Novak Access to other services, programs, and activities generally available to litigants either on the basis of his disability or because they were unwilling to provide accommodations and/or auxiliary aids and services.

44.     The actions described above discriminated against Plaintiff Michael J. Novak on the basis of his disability.

45.     Plaintiff Michael J. Novak was harmed by the Defendants' discrimination and failure to make its services, programs, and activities available to him on nondiscriminatory terms.

46.     Plaintiff Michael J. Novak was harmed by his inability to participate in the services, programs, and activities of the County and State Court System to the same extent as hearing litigants.

47.     For this and other reasons, Defendants have acted with deliberate indifference to the strong likelihood that pursuit of its questioned policies and practices, and its discrimination and failure to provide accommodations and auxiliary aids and services to Plaintiff Michael J. Novak would likely result in a violation of his federally protected rights.

## FIRST CLAIM FOR RELIEF
(Violations of Section 504 of the Rehabilitation Act of 1973)

48.     Plaintiffs incorporate the allegations set forth in the remainder of this Complaint as if it fully set forth herein.

49.     Section 504 of the Rehabilitation Act of 1973 prohibits discrimination on the basis of disability by recipients of federal financial assistance such as Cook County and the State of Illinois. 29 U.S.C. § 794.

50.     Plaintiff Novak is an individual with a disability within the meaning of the Rehabilitation Act of 1973.

51.     Defendant Sophia H. Hall has discriminated against Plaintiff Novak on the basis of disability in violation of 29 U.S.C. § 794 and its implementing regulations as more fully described above. Such discrimination includes but is not limited to provide auxiliary aids and services.

52.     Plaintiff Novak was qualified to participate in the services, programs, activities and benefits provided to litigants at Cook County's court facilities within the meaning of the Rehabilitation Act of 1973.

53.     Defendant Sophia H. Hall denied Novak access to programs, benefits, and services provided to other litigants at court facilities solely on the basis of his disability, thereby violating the Rehabilitation Act of 1973.

54.     Despite the clear provisions of the Rehabilitation Act of 1973, its knowledge of the deficiencies of its policies and practices, her knowledge of Novak's deafness and need for accommodation, Defendant Sophia H. Hall persisted in imposing conditions and practices that discriminate against Novak and other persons that are deaf or hard of hearing.

14

55.    As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff Novak has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

56.    Plaintiff Novak has been injured and aggrieved by and will continue to be injured and aggrieved by Defendant Sophia H. Hall's discrimination.

## SECOND CLAIM FOR RELIEF
(Violations of the Americans with Disabilities Act)

57.    Plaintiffs incorporate the allegations set forth in the remainder of this Complaint as if fully set forth herein.

58.    Title II of the ADA prohibits discrimination on the basis of disability by public entities such as Cook County and Illinois Courts. 42 U.S.C. § 12132.

59.    Cook County is a public entity as that term is used in Title II of the ADA.

60.    Plaintiff Novak is an individual with a disability within the meaning of the ADA.

61.    Defendant Sophia H. Hall has discriminated against Plaintiff Novak on the basis of disability in violation of Title II of the ADA and its implementing regulations as more fully described above. Such discrimination includes but is not limited to failure to provide auxiliary aids and services.

62.    Plaintiff Novak was qualified to participate in the services, programs, activities, and benefits provided to litigants solely on the basis of his disability, thereby violating Title II of the ADA.

63.    Despite the clear provisions of Title II of the ADA, her knowledge of the deficiencies of its policies and practices, its knowledge of Plaintiff Novak's deafness and need for accommodation, Defendant Sophia H. Hall persisted in imposing conditions and practices that discriminate against Novak and other persons who are deaf or hard of hearing.

15

64.     As a direct and proximate result of the acts, omissions, and violations alleged above, Novak has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

65.     Plaintiff Novak has been injured and aggrieved by and will continue to be injured and aggrieved by Defendant Sophia H. Hall's discrimination.

WHEREFORE, Plaintiff Novak respectfully requests:

1.     That this court assume jurisdiction;

2.     That this court declare that the actions of Defendant Sophia H. Hall described in this Complaint to be in violation of Title II of the Americans with Disabilities Act and the Rehabilitation Act;

3.     That this court enter an injunction ordering Defendant Sophia H. Hall to cease discrimination on the basis of disability against Novak and other deaf and hard of hearing individuals;

4.     That this court awards Plaintiff his reasonable attorneys' fees and costs; and

5.     That this court awards such additional or alternative relief as may be just, proper and equitable.

### THIRD CLAIM FOR RELIEF
(Violations of Section 504 of the Rehabilitation Act of 1973)

66.     Plaintiffs incorporate the allegations set forth in the remainder of this Complaint as if it fully set forth herein.

67.     Section 504 of the Rehabilitation Act of 1973 prohibits discrimination on the basis of disability by recipients of federal financial assistance such as Cook County and the State of Illinois. 29 U.S.C. § 794.

68.     Plaintiff Novak is an individual with a disability within the meaning of the Rehabilitation Act of 1973.

69.     Defendant Timothy C. Evans has discriminated against Plaintiff Novak on the basis of disability in violation of 29 U.S.C. § 794 and its implementing regulations as more fully described above. Such discrimination includes but is not limited to provide auxiliary aids and services.

70.     Plaintiff Novak was qualified to participate in the services, programs, activities and benefits provided to litigants at Cook County's court facilities within the meaning of the Rehabilitation Act of 1973.

71.     Defendant Timothy C. Evans denied Novak access to programs, benefits, and services provided to other litigants at Cook County court facilities solely on the basis of his disability, thereby violating the Rehabilitation Act of 1973.

72.     Despite the clear provisions of the Rehabilitation Act of 1973, his knowledge of the deficiencies of its policies and practices, its knowledge of Novak's deafness and need for accommodation, Defendant Timothy C. Evans persisted in imposing conditions and practices that discriminate against Novak and other persons that are deaf or hard of hearing.

73.     As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff Novak has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

74.     Plaintiff Novak has been injured and aggrieved by and will continue to be injured and aggrieved by Defendant Timothy C. Evans' discrimination.

## FOURTH CLAIM FOR RELIEF
### (Violations of the Americans with Disabilities Act)

75.     Plaintiffs incorporate the allegations set forth in the remainder of this Complaint as if fully set forth herein.

76.     Title II of the ADA prohibits discrimination on the basis of disability by public entities such as Cook County. 42 U.S.C. § 12132.

77.     Cook County is a public entity as that term is used in Title II of the ADA.

78.     Plaintiff Novak is an individual with a disability within the meaning of the ADA.

79.     Defendant Timothy C. Evans has discriminated against Plaintiff Novak on the basis of disability in violation of Title II of the ADA and its implementing regulations as more fully described above. Such discrimination includes but is not limited to failure to provide auxiliary aids and services.

80.     Plaintiff Novak was qualified to participate in the services, programs, activities, and benefits provided to litigants solely on the basis of his disability, thereby violating Title II of the ADA.

81.     Despite the clear provisions of Title II of the ADA, his knowledge of the deficiencies of its policies and practices, its knowledge of Plaintiff Novak's deafness and need for accommodation, Defendant Timothy C. Evans persisted in imposing conditions and practices that discriminate against Novak and other persons who are deaf or hard of hearing.

82.     As a direct and proximate result of the acts, omissions, and violations alleged above, Novak has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

83.     Plaintiff Novak has been injured and aggrieved by and will continue to be injured and aggrieved by Defendant Timothy C. Evans' discrimination.

18

WHEREFORE, Plaintiff Novak respectfully requests:

1. That this court assume jurisdiction;

2. That this court declare that the actions of Defendant Timothy C. Evans described in this Complaint to be in violation of Title II of the Americans with Disabilities Act and the Rehabilitation Act;

3. That this court enter an injunction ordering Defendant Timothy C. Evans to cease discrimination on the basis of disability against Novak and other deaf and hard of hearing individuals;

4. That this court awards Plaintiff his reasonable attorneys' fees and costs; and

5. That this court awards such additional or alternative relief as may be just, proper and equitable.

## FIFTH CLAIM FOR RELIEF
(Violations of Section 504 of the Rehabilitation Act of 1973)

84. Plaintiffs incorporate the allegations set forth in the remainder of this Complaint as if it fully set forth herein.

85. Section 504 of the Rehabilitation Act of 1973 prohibits discrimination on the basis of disability by recipients of federal financial assistance such as Cook County and the State of Illinois. 29 U.S.C. § 794.

86. Plaintiff Novak is an individual with a disability within the meaning of the Rehabilitation Act of 1973.

87. Defendant Michael J. Tardy has discriminated against Plaintiff Novak on the basis of disability in violation of 29 U.S.C. § 794 and its implementing regulations as more fully described above. Such discrimination includes but is not limited to provide auxiliary aids and services.

88.     Plaintiff Novak was qualified to participate in the services, programs, activities and benefits provided to litigants within Illinois Court System within the meaning of the Rehabilitation Act of 1973.

89.     Defendant Michael J. Tardy denied Novak access to programs, benefits, and services provided to other litigants at Cook County court facilities solely on the basis of his disability, thereby violating the Rehabilitation Act of 1973.

90.     Despite the clear provisions of the Rehabilitation Act of 1973, its knowledge of the deficiencies of its policies and practices, his knowledge of Novak's deafness and need for accommodation, Defendant Michael J. Tardy persisted in imposing conditions and practices that discriminate against Novak and other persons that are deaf or hard of hearing.

91.     As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff Novak has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

92.     Plaintiff Novak has been injured and aggrieved by and will continue to be injured and aggrieved by Defendant Michael J. Tardy's discrimination.

### SIXTH CLAIM FOR RELIEF
(Violations of the Americans with Disabilities Act)

93.     Plaintiffs incorporate the allegations set forth in the remainder of this Complaint as if fully set forth herein.

94.     Title II of the ADA prohibits discrimination on the basis of disability by public entities such as Illinois Court System. 42 U.S.C. § 12132.

95.     Illinois Court System is a public entity as that term is used in Title II of the ADA.

96.     Plaintiff Novak is an individual with a disability within the meaning of the ADA.

97.     Defendant Michael J. Tardy has discriminated against Plaintiff Novak on the basis of disability in violation of Title II of the ADA and its implementing regulations as more fully described above. Such discrimination includes but is not limited to failure to provide auxiliary aids and services.

98.     Plaintiff Novak was qualified to participate in the services, programs, activities, and benefits provided to litigants solely on the basis of his disability, thereby violating Title II of the ADA.

99.     Despite the clear provisions of Title II of the ADA, its knowledge of the deficiencies of its policies and practices, his knowledge of Plaintiff Novak's deafness and need for accommodation, Defendant Michael J. Tardy persisted in imposing conditions and practices that discriminate against Novak and other persons who are deaf or hard of hearing.

100.    As a direct and proximate result of the acts, omissions, and violations alleged above, Novak has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

101.    Plaintiff Novak has been injured and aggrieved by and will continue to be injured and aggrieved by Defendant Michael J. Tardy's discrimination.

WHEREFORE, Plaintiff Novak respectfully requests:

1.     That this court assume jurisdiction;

2.     That this court declare that the actions of Defendant Michael J. Tardy described in this Complaint to be in violation of Title II of the Americans with Disabilities Act and the Rehabilitation Act;

21

3.      That this court enter an injunction ordering Defendant Michael J. Tardy to cease

discrimination on the basis of disability against Novak and other deaf and hard of hearing

individuals;

4.      That this court awards Plaintiff his reasonable attorneys' fees and costs; and

5.      That this court awards such additional or alternative relief as may be just, proper

and equitable.

### SEVENTH CLAIM FOR RELIEF
(Violations of Section 504 of the Rehabilitation Act of 1973)

102.      Plaintiffs incorporate the allegations set forth in the remainder of this Complaint

as if it fully set forth herein.

103.      Section 504 of the Rehabilitation Act of 1973 prohibits discrimination on the

basis of disability by recipients of federal financial assistance such as Cook County and the State

of Illinois. 29 U.S.C. § 794.

104.      Plaintiff Novak is an individual with a disability within the meaning of the

Rehabilitation Act of 1973.

105.      Defendant Cook County has discriminated against Plaintiff Novak on the basis of

disability in violation of 29 U.S.C. § 794 and its implementing regulations as more fully

described above. Such discrimination includes but is not limited to provide auxiliary aids and

services.

106.      Plaintiff Novak was qualified to participate in the services, programs, activities

and benefits provided to litigants at Cook County's court facilities within the meaning of the

Rehabilitation Act of 1973.

107.     Defendant Cook County denied Novak access to programs, benefits, and services provided to other litigants at Cook County court facilities solely on the basis of his disability, thereby violating the Rehabilitation Act of 1973.

108.     Despite the clear provisions of the Rehabilitation Act of 1973, its knowledge of the deficiencies of its policies and practices, its knowledge of Novak's deafness and need for accommodation, Defendant Cook County persisted in imposing conditions and practices that discriminate against Novak and other persons that are deaf or hard of hearing.

109.     As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff Novak has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

110.     Plaintiff Novak has been injured and aggrieved by and will continue to be injured and aggrieved by Defendant Cook County's discrimination.

## EIGHTH CLAIM FOR RELIEF
### (Violations of the Americans with Disabilities Act)

111.     Plaintiffs incorporate the allegations set forth in the remainder of this Complaint as if fully set forth herein.

112.     Title II of the ADA prohibits discrimination on the basis of disability by public entities such as Cook County. 42 U.S.C. § 12132.

113.     Cook County is a public entity as that term is used in Title II of the ADA.

114.     Plaintiff Novak is an individual with a disability within the meaning of the ADA.

115.     Defendant Cook County has discriminated against Plaintiff Novak on the basis of disability in violation of Title II of the ADA and its implementing regulations as more fully described above. Such discrimination includes but is not limited to failure to provide auxiliary aids and services.

23

116.     Plaintiff Novak was qualified to participate in the services, programs, activities, and benefits provided to litigants solely on the basis of his disability, thereby violating Title II of the ADA.

117.     Despite the clear provisions of Title II of the ADA, its knowledge of the deficiencies of its policies and practices, its knowledge of Plaintiff Novak's deafness and need for accommodation, Defendant Cook County persisted in imposing conditions and practices that discriminate against Novak and other persons who are deaf or hard of hearing.

118.     As a direct and proximate result of the acts, omissions, and violations alleged above, Novak has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

119.     Plaintiff Novak has been injured and aggrieved by and will continue to be injured and aggrieved by Defendant Cook County's discrimination.

WHEREFORE, Plaintiff Novak respectfully requests:

1.     That this court assume jurisdiction;

2.     That this court declare that the actions of Defendant Cook County described in this Complaint to be in violation of Title II of the Americans with Disabilities Act and the Rehabilitation Act;

3.     That this court enter an injunction ordering Defendant Cook County to cease discrimination on the basis of disability against Novak and other deaf and hard of hearing individuals;

4.     That this court award Plaintiff compensatory damages;

5.     That this court awards Plaintiff his reasonable attorneys' fees and costs; and

6.      That this court awards such additional or alternative relief as may be just, proper and equitable.

## JURY DEMAND

Novak demands a trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Michael J. Novak
1445 N. State Pkwy, #205
Chicago, IL 60610
No Telephone – Deaf
mnovak@chicagobooth.edu

Dated February 5, 2014

# EXHIBIT A

January 9, 2014

Mr. Michael Novak
1445 N. State Pkwy, #205
Chicago, IL 60610

Dear Mr. Novak,

I have spoken with Judge Hall regarding your concerns around your ADA accommodation of Real-time Translation and the Official Court Transcript, both of which the court is providing to you as part of your ADA accommodation.

Judge Hall is in charge of her courtroom and decides what is and is not a reasonable accommodation. What happens in other jurisdictions is not relevant to the fact that Judge Hall has determined that equal access to justice and effective communication in her courtroom are being provided to you through Real-time Translation and the Official Court Transcript.

Regarding timeliness of the transcripts, you are being provided the same timeliness of service as anyone else in the court system who orders an Official Court Transcript from the Office of Official Court Reporters. For your future court dates, if the estimated transcript pick-up date given to you by the court reporter causes you concern, you may request that the court consider allowing additional time until your next scheduled court date. As you experienced today, occasionally the transcript will be made available for pick-up sooner than was originally estimated by the court reporter.

Regarding "edited transcripts," you are receiving the Official Court Transcript. Your request for the unedited transcript to be sent to you electronically, and the edited transcript to be provided to you with changes tracked, is a fundamental alteration of the service of Real-time Translation and the Official Court Transcript.

The court will continue to provide you with Real-Time Translation and the Official Court Transcript for all future court dates before Judge Sophia Hall.

Best regards,

Milissa Pacelli
Court Disability Coordinator
Circuit Court of Cook County
312.603.1915
312.603.1914 (TTY)
Ocj.accommodations@cookcountyil.gov